OPINION
{¶ 1} Appellant Alan Pruett appeals the sentence rendered by the Knox County Court of Common Pleas. The following facts give rise to this appeal.
 {¶ 2} On February 8, 2005, the Knox County Grand Jury indicated appellant for one count of rape, with an age specification, and two counts of gross sexual imposition, with an age specification. On July 14, 2005, appellant appeared before the trial court and entered guilty pleas to an amended count of rape, without the age specification and one amended count of gross sexual imposition, without the age specification. The state moved to dismiss the remaining gross sexual imposition charge. The trial court ordered a pre-sentence investigation and a sex offender evaluation at the Forensic Diagnostic Center in Mansfield.
 {¶ 3} On August 26, 2005, appellant appeared before the trial court for sentencing. The trial court sentenced appellant to the maximum term of ten years on the rape charge and the maximum term of eighteen months on the gross sexual imposition charge. The trial court ordered the sentences to be served consecutively. The trial court also sentenced appellant to five years of post-release control and classified him as a "sexual predator."
 {¶ 4} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 5} "I. A TRIAL COURT THAT IMPOSES A SENTENCE BY USING FACTORS THAT ARE NOT FOUND BY A JURY OR ADMITTED BY THEM (SIC) DEFENDANT VIOLATES THE DEFENDANT'S RIGHTS TO DUE PROCESS AND A JURY TRIAL UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."
 I {¶ 6} In his sole assignment of error, appellant maintains the trial court did not have the authority to sentence him to the maximum, non-minimum, consecutive sentences and that this Court should vacate the trial court's sentence and remand this matter for resentencing. Pursuant to the Ohio Supreme Court's recent decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, we agree.
 {¶ 7} The Ohio Supreme Court's decision in the Foster case is based upon three opinions from the United States Supreme Court. The first decision, Apprendi v. New Jersey (2000), 530 U.S. 466, held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490.
 {¶ 8} The second decision pertinent to the Ohio Supreme Court's analysis in Foster is Blakely v. Washington (2004),542 U.S. 296. In Blakely, the Court held that "* * * the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. * * * In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." (Emphasis sic.) Id. at 303-304.
 {¶ 9} The final case relied upon by the Ohio Supreme Court is United States v. Booker (2005), 543 U.S. 220. In the Booker decision, the Supreme Court found that the federal sentencing guidelines violated the Sixth Amendment because they required the judge rather than the jury to make findings of fact necessary for punishment. Id. at 233-234. As a remedy for the Blakely violations, the Court held that the sentencing guidelines must be treated as advisory only, with the maximum sentence being the top of the range set by the statute under which the defendant was convicted. Id at 259.
 {¶ 10} Pursuant to the Apprendi, Blakely and Booker decisions, the Ohio Supreme Court addressed Ohio's sentencing statutes pertaining to the following areas: (1) more than the minimum prison term [R.C. 2929.14(B)]; (2) the maximum prison term [R.C. 2929.14(C)]; (3) consecutive prison terms [R.C.2929.14(E)(4)]; (4) prison rather than community control for lower level felonies [R.C. 2929.13(B)(2)(a) and R.C.2929.13(B)(2)(b)]; (5) and repeat violent offender and major drug offender penalty enhancements [R.C. 2929.14(D)(2)(a), R.C.2929.14(D)(2)(b), and R.C. 2929.14(D)(3)(b)].
 {¶ 11} The Ohio Supreme Court, in Foster, found the following provisions of Ohio's sentencing statute unconstitutional because it required judicial factfinding to exceed the sentence allowed simply as a result of a conviction or plea. The unconstitutional provisions are as follows: more than the minimum prison term [R.C. 2929.14(B), 2929.19(B)(2) and R.C. 2929.41]; the minimum prison term [R.C. 2929.14(C)]; consecutive prison terms [R.C.2929.14(E)(4)]; repeat violent offender [R.C. 2929.14(D)(2)(b)]; and major drug offender [2929.14(D)(3)(b)]. Thus, under the Blakely analysis, only the provisions of the sentencing statute addressing prison rather than community control for lower level felonies [R.C. 2929.13(B)(2)(a) and R.C. 2929.13(B)(2)(b)] and repeat violent offender [R.C. 2929.14(D)(2)(a)] are constitutional.
 {¶ 12} To remedy Ohio's felony sentencing statutes, the Court severed the Blakely-offending portions that either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption. Foster at ¶ 97. Thus, the Court concluded "* * * that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. "Id. at 100.
 {¶ 13} In applying the Foster decision to the facts of the case sub judice, appellant correctly concludes that R.C.2929.14(B) is unconstitutional because it authorized the trial court to exceed the shortest prison term if it made additional judicial findings. Accordingly, because appellant's sentence is based upon an unconstitutional statute that is deemed void, this matter is remanded to the trial court for a new sentencing hearing.
 {¶ 14} Appellant's sole assignment of error is sustained.
 {¶ 15} For the foregoing reasons, the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Wise, P.J. Hoffman, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs assessed to Appellee.