OPINION
{¶ 1} Defendant-appellant Alan Ray Pruett appeals his sentence from the Knox County Court of Common Pleas on one count each of rape and gross sexual imposition. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 8, 2005, the Knox County Grand Jury indicted appellant on one count of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, and two counts of gross sexual imposition in violation of 2907.05(A)(4), felonies of the third degree. All of the counts in the indictment alleged that the victim was less than thirteen years of age. At his arraignment on February 28, 2005, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} Thereafter, on July 14, 2005, appellant withdrew his former not guilty plea and entered a plea of guilty to one count of rape in violation of R.C. 2907.02(A)(1)(b) as amended to remove the age specification and one count of gross sexual imposition in violation of R.C. 2907.05(A)(5), which was also amended to remove the age specification. As memorialized in a Sentencing Entry filed on August 26, 2005, appellant was sentenced to the maximum term of ten years on the rape charge and to the maximum term of eighteen months on the charge of gross sexual imposition. The trial court, in its entry, ordered that the sentences be served consecutively. On the same date, the trial court filed separate findings in support of both maximum and consecutive sentences.
 {¶ 4} Appellant timely appealed his sentence. Pursuant to an Opinion filed on May 24, 2006, in State v. Pruett, Knox App. No. 05 CA 32,2006-Ohio-2598, this Court reversed the judgment of the Knox County Court of Common Pleas and remanded the matter for resentencing. This Court specifically held that, pursuant to the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470,2006-Ohio-856, the trial court did not have the authority to sentence appellant to maximum, non-minimum, consecutive sentences.
 {¶ 5} A resentencing hearing was held in the trial court on June 30, 2006. As memorialized in a Sentencing Entry filed on July 7, 2006, appellant was sentenced again to ten years on the rape charge and to eighteen months on the charge of gross sexual imposition. The trial court, in its entry, further ordered that the sentences run consecutively, for an aggregate sentence of eleven and a half years.
 {¶ 6} Appellant now raises the following assignment of error on appeal:
 {¶ 7} "A TRIAL COURT THAT IMPOSES A SENTENCE BY USING FACTORS THAT ARE NOT FOUND BY A JURY OR ADMITTED BY THEM [SIC] DEFENDANT VIOLATES THE DEFENDANT'S RIGHTS TO DUE PROCESS AND A JURY TRIAL UNDER THE FIFTH,SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."
 I {¶ 8} Appellant, in his sole assignment of error, challenges his sentence. Appellant specifically contends that the trial court erred in imposing a sentence "by using factors that are not found by a jury or admitted by the defendant." We disagree.
 {¶ 9} Pursuant to Foster, supra, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, supra., at paragraph 100. The Supreme Court of Ohio further stated inFoster that, "[o]ur remedy does not rewrite the statutes but leaves courts with full discretion to impose a prison term within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant without the mandated judicial findings that Blakely [v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531] prohibits." Id. at paragraph 102. "Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties." Id. at paragraph 105.
 {¶ 10} The trial court, in the case sub judice, sentenced appellant to sentences within the statutory range. As noted above, the trial court, in sentencing appellant, was not required to make findings or give its reasons for imposing maximum, consecutive, or more than the minimum sentences. We further note that the trial court, in resentencing appellant on June 30, 2006, did not give any reasons for imposing the sentences that it did.
 {¶ 11} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 12} Accordingly, the judgment of the Knox County Court of Common Pleas is affirmed.
Edwards, J., Wise, P.J., Gwin, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas is affirmed. Costs assessed to appellant.